## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ABINGDON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | Case No. 1:99CR00073-001 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **DEMITRIUS GARDNER,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for United States; John T. Stanford, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

The defendant has filed a motion to reduce his sentence pursuant to the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5220 (2018) ("2018 FSA" or "Act"), which made retroactive certain provisions of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2, 124 Stat. 2372, 2372 (2010).[1]

The defendant was originally sentenced in this case (the "1999 case") to 90 months imprisonment after pleading guilty to conspiring to distribute five grams or more of cocaine base. He served that sentence and is currently serving an aggregated sentence of 265 months, consisting of a 30-month term for violations of his

---

[1] While the defendant's first name is spelled here as it was contained on the charging documents and the judgment in this case, he asserts that it is correctly spelled "Demetrius."

supervised release in the 1999 case,  together with a 235-month sentence imposed by this court in a later case, Case No. 1:07CR00028 (the "2007 case").[2]  He has a current projected release date of November 24, 2025.  He is now 45 years old.

The United States concedes that the defendant is eligible for sentence reduction under the Act while serving a term of imprisonment on a supervised release violation.  *See United States v. Venable*, 943 F.3d 187, 195 (4th Cir. 2019). The defendant seeks a reduction of the time already served in the underlying 1999 sentence so as to create "banked time" to apply to his current aggregated sentence, or alternatively a reduction of his revocation sentence.

Even if a defendant is eligible for a reduction in sentence under the Act, the court is not required to reduce the sentence.  2018 FSA at § 404(c).  Gardner's criminal history persuades me to exercise my discretion to deny his motion.  As the Presentence Investigation Report ("PSR") in the 2007 case shows, Gardner was undeterred from drug trafficking by his previous sentence.  He was released from custody to supervision in the 1999 case on April 16, 2006, and began selling drugs again within four months.   PSR ¶ 11, ECF No. 166.  While the defendant has engaged in some educational programs while incarcerated, he has had a limited work history when not in custody, reporting that he quit most of his jobs, or was fired for

---

[2]   The United States has set forth in detail the somewhat complicated history of the defendant's sentences.  United States' Resp. 1–3, ECF No. 53.

-2-

absenteeism or conflicts with coworkers.  *Id.* at 69.   The danger to the community from his likely recidivism does not support his reduction in sentence.

For these reasons, it is **ORDERED** that the Motion to Reduce Sentence, ECF No. 46, is DENIED.

ENTER:   July 28, 2020

/s/  JAMES P. JONES
United States District Judge